UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH S. GELMIS, Individually And On Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>vs.<br><br>EARL W. COLE, III, et al.,<br><br>                     Defendants. | CASE NO. 08-CV-00980 (RMB) |
| JULES ROTHAS, Individually And On Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>vs.<br><br>MUNICIPAL MORTGAGE & EQUITY, LLC, et al.,<br><br>                     Defendants. | CASE NO. 08-CV-01120 (RMB) |
| ARNOLD J. ROSS, Individually And On Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>vs.<br><br>EARL W. COLE, III, et al.,<br><br>                     Defendants. | CASE NO. 08-CV-01299 (RMB) |

| | |
|---|---|
| ALEX D'ANGELO, Individually And On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>MUNICIPAL MORTGAGE & EQUITY, LLC, et al.,<br><br>                    Defendants. | CASE NO. 08-CV-01331 (RMB) |
| JUDITH GREENBERG, Individually And On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>MICHAEL L. FALCONE, et al.,<br><br>                    Defendants. | CASE NO. 08-CV-02005 (MGC) |
| NAOMI RAPAHEL, Individually And On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>MUNICIPAL MORTGAGE & EQUITY, LLC, et al.,<br><br>                    Defendants. | CASE NO. 08-CV-02190 (RMB) |

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE KREMSER GROUP TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT..................................................................................1

PROCEDURAL BACKGROUND............................................................................2

STATEMENT OF FACTS........................................................................................3

ARGUMENT............................................................................................................4

I.     THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS....................4

II.    THE KREMSER GROUP SHOULD BE APPOINTED
LEAD PLAINTIFFS.................................................................................5

       A.     The Procedural Requirements Pursuant to the PSLRA..............................5

       B.     The Kremser Group Is "The Most Adequate Plaintiff"..............................7

            1.     The Kremser Group Has Complied With the
PSLRA and Should Be Appointed Lead Plaintiff............................7

            2.     The Kremser Group Has the Largest Financial
Interest...........................................................................................7

            3.     The Kremser Group Satisfies the Requirements of Rule
23...................................................................................................8

                i.    The Kremser Group's Claims are Typical of the Claims
of all the Class Members............................................................9

                ii.   The Kremser Group Will Adequately Represent
the Class.....................................................................................10

III.   THE COURT SHOULD APPROVE THE KREMSER GROUP'S
CHOICE OF LEAD COUNSEL .....................................................................11

CONCLUSION....................................................................................................12

## PRELIMINARY STATEMENT

The Kremser Group, (or "Movants")[1] a small, cohesive group of four members, respectfully submits this memorandum in support of its motion to: (1) consolidate various related securities class actions filed against Municipal Mortgage & Equity, LLC[2] ("MuniMae" or the "Company") and other Defendants; (2) to be appointed Lead Plaintiff in the consolidated action (the "Action") pursuant to pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and Section 27(a)(3)(B) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B) as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA")[3]; and for approval of its selection of the law firms of Kahn Gauthier Swick, LLC ("KGS") and Brower Piven, A Professional Corporation ("BP"), as Co-Lead Counsel for the Class in this case.

As described in the Certifications attached to the Declaration of David A.P. Brower in Support of the Motion of The Kremser Group to Consolidate All Related Actions, To Be Appointed Lead Plaintiff, and To Approve Proposed Lead Plaintiff's Choice of Counsel

---

[1] The movants move together as a group. Alternatively, each agrees to have the Court consider their losses individually and appoint an individual from amongst the four of them, should the Court so desire. *See* Brower Decl. Exhibit B.

[2] The related securities fraud class actions include the following cases: *Gelmis v. Earl W. Cole, III, et al.*, 08-cv-0098-RMB (SDNY); *Rothas v. Municipal Mortgage & Equity, LLC, et al.*, 08-cv-01120-RMB (SDNY); *Ross v. Earl W. Cole, III, et al.*, 08-cv-01299-RMB (SDNY); *D'Angelo v. Municipal Mortgage & Equity, LLC, et al.*, 08-cv-01331-RMB (SDNY); *Greenberg v. Michael L. Falcone, et al.*, No. 1:08-cv-02005-MGC (SDNY); and *Raphael v. Municipal Mortgage & Equity, LLC, et al.*, 08-cv-02190-RMB (SDNY). This Court should also be aware of the following pending actions in the U.S. District Court for the District of Maryland: *Manson v. Municipal Mortgage & Equity, LLC, et al.*, 08-CV-00269-MJG (D. Md.); *Engel v. Municipal Mortgage & Equity, LLC, et al.*, 08-CV-00292-MJG (D. Md.); *Shailam v. Municipal Mortgage & Equity, LLC, et al.*, 08-CV-00386-MJG (D. Md.); *Staub v. Municipal Mortgage & Equity, LLC, et al.*, 08-CV-00398-MJG (D. Md.); *Cirrito v. Municipal Mortgage & Equity, LLC, et al.*, 08-CV-00476-MJG (D. Md.); and *Hufnagle v. Municipal Mortgage & Equity, LLC, et al.*, 08-CV-00579-MJG (D. Md.)

[3] This Court should be made aware that cases pending in the U.S. District Court for the District of Maryland also address claims involving Sections 11, 12 and 15 of the Securities Act.. Upon the filing of an Amended Consolidated Complaint on behalf of all Class Members in this action, those claims are expected to be consolidated with the Exchange Act claims addressed herein, regardless of where the consolidated action will ultimately proceed. For purposes of this Motion, the Kremser Group applies a loss calculation for shares held post-Class Period under Section 10(b)(5) of the Exchange Act.

("Brower Decl.") at Exhibit A, The Kremser Group has suffered losses of $924,138.87 as a result of its members' purchases of shares of MuniMae common stock on the open market between the dates of January 30, 2003 and January 29, 2008, inclusive (the "Class Period") and/or in connection with the Company's February 3, 2005 Secondary Public Offering and through the Company's dividend reinvestment plan[4]. To the best of its knowledge, the Kremser Group has sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, the members of the Kremser Group have shown through their sworn Certifications that they are willing and able to serve as Lead Plaintiff in this litigation.[5] The members of the Kremser Group also fully understand their duties and responsibilities to the Class, and will oversee the vigorous prosecution of this Action. As provided in the individual Declaration of each member of the Kremser Group, the members of the Kremser Group have conferred to discuss in detail their responsibilities for serving as Lead Plaintiff in this action, coordinated their efforts, and intend to continue to do so throughout the course of this litigation. *See* Brower Decl. Exhibit B. Moreover, the Kremser Group satisfies both the applicable requirements of the PSLRA and Fed. R. Civ. P. 23, and is presumptively the "most adequate plaintiff."

## PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Gelmis v. Earl W. Cole, III, et al.*, 08-cv-0098-RMB (SDNY), was filed on behalf of plaintiff Joseph S. Gelmis in the Southern District of New York

---

[4] For purposes of this motion, the Kremser Group adopts a Class Period that incorporates the earliest and latest dates based upon the Class Periods alleged in the various complaints filed in both the Southern District of New York and District of Maryland cases. *See* Brower Decl. Exhibit F (Stanford Law School Securities Class Action Clearinghouse).

[5] The PSLRA authorizes any class member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). A copy of the Kremser Group's member's Certifications of their transactions in MuniMae securities during the Class Period is attached as Exhibit A to the Brower Declaration that has been filed in support of this motion.

on January 30, 2008. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on January 30, 2008, the first notice that a class action had been initiated against Defendants was published on *Prime Newswire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than March 31, 2008. *See* Brower Decl. at Exhibit C.

The members of the Kremser Group are Class members (*see* Brower Decl. at Exhibit A) and they have timely filed this motion within the 60 day period following publication of the January 30, 2008 notice.

## STATEMENT OF FACTS

By improperly characterizing the Company's financial results and misrepresenting its prospects, the Defendants presented a misleading image of MuniMae's business and future growth prospects. During the Class Period, Defendants repeatedly emphasized the ability of the Company to monitor and control expenses, and consistently reported expenses and expense ratios within expectations and within the range for which the Company was adequately reserved. These claims caused and maintained the artificial inflation in MuniMae's stock price throughout the Class Period and until the truth about the Company was ultimately revealed to investors.

Defendants' false and materially misleading statements had the effect of causing MuniMae's shares to trade at artificially inflated levels throughout the Class Period—reaching a Class Period high of almost $35.00 per share in the early 2007. On January 29, 2008, however, as investors learned the truth about the Company, and learned that Defendants had failed to properly report the Company's financial and operational results, shares of the Company collapsed. Defendants' belated disclosures had an immediate, adverse impact on the price of MuniMae shares.

These belated revelations also evidenced Defendants' prior misrepresentations of MuniMae's business prospects. As investors and the market ultimately learned, the Company's prior business prospects had been overstated as were the Company's results of operations. As this adverse information became known to investors, the prior artificial inflation began to be eliminated from MuniMae's share price and investors were damaged as a result of the related share price decline.

As a direct result of investors learning the truth about the Company on January 29, 2008, shares of the Company fell over $8.00 each, or 47%, to $9.19. The following day, January 30, as shares of MuniMae resumed trading in normal session trading, shares of the Company fell an additional 30%, to trade at approximately $6.50 per share—well below the Company's prior 52-week trading low.

The decline in MuniMae's stock price at the end of the Class Period was a direct result of the nature and extent of revelation of Defendants' prior misstatements and omissions. The timing and magnitude of MuniMae's stock price decline negates any inference that the losses suffered by the members of the Class was caused by changed market conditions, macroeconomic or industry factors or even Company-specific facts unrelated to defendants' fraudulent conduct. During the same period in which MuniMae's share price fell over 60% as a result of the revelation of Defendants' prior misrepresentations and omissions, the Standard & Poor's 500 securities index was relatively unchanged.

## ARGUMENT

### I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (Fed. R.

Civ. P. 42(a))[6] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Section 21D(a)(3)(B)(iii) of the Exchange Act and Section 27(a)(3)(B)(iii) of the Securities Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered.

The related actions are perfectly suited for consolidation. The class action complaints contain virtually identical allegations charging the Company and key executives with making false and misleading statements, and omitting material information concerning the Company's financial health during the relevant period.[7] The Complaints also allege similar defendants. "While district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports." *Glauser v. EVCI Career Colleges Holding Corp.*, No. 05-cv-10240, 2006 WL 1302265, at *3 (S.D.N.Y. May 9, 2006). Accordingly, this Court should consolidate the related actions.

---

[6] Fed. R. Civ. P. 42(a): Consolidation. When actions involving a common question of law or fact are pending before the Court…it may order all the actions consolidated.

[7] This information is based on the review of all of the complaints in the above-captioned actions currently available on PACER at the time of the filing of this motion.

## II. THE KREMSER GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Prime Newswire* on January 30, 2008. *See* Brower Decl. Exhibit C.[8] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than March 31, 2008. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, the statute provides that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the PSLRA directs the Court to the following criteria:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> > (aa)  has either filed the complaint or made a motion in response to a notice…

---

[8] *Prime Newswire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. August 6, 1997).

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

### B. The Kremser Group Is "The Most Adequate Plaintiff"

#### 1. The Kremser Group Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff

The Kremser Group moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Prime Newswire*, a national business-oriented wire service, on January 30, 2008. Accordingly, the Kremser Group meets the requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) and has filed its motion by March 31, 2008.

Moreover, the Kremser Group has sustained a substantial loss from its investment in MuniMae stock and has shown its member's willingness to represent the Class by signing Certifications detailing their MuniMae transaction information during the Class Period. *See* Brower Decl. Exhibit A. As demonstrated by its member's Certifications, as well as each member's signed Declaration (*see* Brower Decl. Exhibit B), the Kremser Group is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. Small cohesive groups like the Kremser Group have routinely been appointed as Lead Plaintiff in securities class actions, when they have shown the Court their ability to effectively manage the litigation. *See e.g. Weltz v.*

*Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001); *see* also *In re Crayfish Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 10134 (S.D.N.Y. June 6, 2002); *Schulman v. Lumenis, Ltd.*, 2003 U.S. Dist. LEXIS 10348 (S.D.N.Y. June 18, 2003). In addition, the Kremser Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biographies of proposed Co-Lead Counsel, KGS and BP, are attached as Exhibit D to the Brower Declaration.

### 2. The Kremser Group Has the Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Sofran*, 220 F.R.D. at 401; *see also, Lee v. Axonyx, Inc.*, No. 7:05-cv-2307, slip. Op., at 8 (S.D.N.Y. Jan. 27, 2006) (appointing movant with the largest financial interest). As demonstrated herein, the Kremser Group (with losses of $924,138.87) has the largest known financial interest in the relief sought by the Class. *See* Brower Decl. Exhibit A.

### 3. The Kremser Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff selection under the PSLRA); *See also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. at 106 ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."). As detailed below, the members of the Kremser Group satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff. The Kremser Group has claims that are typical of those of other Class members and can adequately serve as Lead Plaintiff.

      i.      **The Kremser Group's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y.

1980); *see also Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because the Kremser Group's claims are identical to, and non-competing and non-conflicting with the claims of the other Class members. The Kremser Group and all other Class members purchased MuniMae securities during the Class Period at artificially inflated prices resulting from Defendants' conduct, and thus, both the Kremser Group and the Class members suffered damages as a result of these purchases. Simply put, the Kremser Group's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. The Kremser Group is not subject to any unique or special defenses. Thus, the Kremser Group meets the typicality requirement of Fed. R. Civ. P. Rule 23 because its claims are the same as the claims of the other Class Members.

### ii.  The Kremser Group Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to whether there are any conflicts or antagonisms between the interests of the movant and the other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B).

The interests of the members of the Kremser Group are clearly aligned with the members of the Class because their claims are identical to the claims of the Class. Moreover, the Kremster Group included a member who, in addition to the Exchange Act claims, also has claims under the securities Act. As a result, the Kremster Group offers the most comprehensive representation of the Class by members with standing to assert all of the claims in the Action alleged in the

cases filed in both the Southern District of New York and the District of Maryland. Furthermore, the Kremser Group has a significant, compelling interest in prosecuting this Action to a successful conclusion based upon the very large financial loss its members incurred as a result of the wrongful conduct alleged herein. This motivation, combined with the Kremser Group's identical interest with the members of the Class, clearly shows that the Kremser Group will vigorously pursue the interests of the Class. In addition, the Kremser Group has selected law firms that are highly experienced in prosecuting securities class actions which further demonstrates its adequacy to represent the Class.

Therefore, since the Kremser Group not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, it is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the presumptive Lead Plaintiff and should be appointed Lead Plaintiff to lead this Action.

### III.   THE COURT SHOULD APPROVE THE KREMSER GROUP'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiffs' choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Kremser Group has selected KGS and BP to serve as proposed Co-Lead Counsel for the Class. The attorneys of these firms have successfully prosecuted numerous complex securities class actions. *See* Brower Decl. Exhibits D & E. Indeed, New York counsel for the Kremster group, Brower Piven, currently serves as court appointed class counsel in other securities actions pending before this Court.

Furthermore, the Kremser Group's counsel has continually invested time and resources in carefully investigating and prosecuting this case. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, the Kremser Group respectfully request that this Court: (1) consolidate all related actions, (2) appoint the Kremser Group to serve as Lead Plaintiff in this action; (3) approve the Kremser Group's selection of Co-Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: March 31, 2008

Respectfully submitted,

BROWER PIVEN
  A Professional Corporation

/s/*David A.P. Brower*
David A.P. Brower
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

BROWER PIVEN
  A Professional Corporation
Charles J. Piven
Marshall N. Perkins
World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: (410) 332-0030
Facsimile: (410) 685-1300

- 13 -

-AND-

KAHN GAUTHIER SWICK, LLC
Kim E. Miller (KM-6996)
12 East 41st Street, 12th Floor
New York, NY 10017
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

KAHN GAUTHIER SWICK, LLC
Lewis S. Kahn
650 Poydras St., Suite 2150
New Orleans, Louisiana 70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for the Kremser Group and
Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on March 31, 2008.

/s/ David A.P. Brower
David A.P. Brower

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH S. GELMIS, Individually And On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>EARL W. COLE, III, et al.,<br><br>                    Defendants. | CASE NO. 08-CV-00980 (RMB) |
| JULES ROTHAS, Individually And On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>MUNICIPAL MORTGAGE & EQUITY, LLC, et al.,<br><br>                    Defendants. | CASE NO. 08-CV-01120 (RMB) |
| ARNOLD J. ROSS, Individually And On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>EARL W. COLE, III, et al.,<br><br>                    Defendants. | CASE NO. 08-CV-01299 (RMB) |

| | |
|---|---|
| ALEX D'ANGELO, Individually And On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  vs.<br><br>MUNICIPAL MORTGAGE & EQUITY, LLC, et al.,<br><br>     Defendants. | CASE NO. 08-CV-01331 (RMB) |
| JUDITH GREENBERG, Individually And On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  vs.<br><br>MICHAEL L. FALCONE, et al.,<br><br>     Defendants. | CASE NO. 08-CV-02005 (MGC) |
| NAOMI RAPAHEL, Individually And On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  vs.<br><br>MUNICIPAL MORTGAGE & EQUITY, LLC, et al.,<br><br>     Defendants. | CASE NO. 08-CV-02190 (RMB) |

**[PROPOSED] ORDER CONSOLIDATING RELATED ACTIONS; APPOINTING LEAD PLAINTIFF; AND APPROVING PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

Having considered the motion of the Kremser Group to consolidate all related cases, to be appointed Lead Plaintiff, and to approve proposed Lead Plaintiff's choice of counsel, and all papers in support thereof and in opposition thereto, and oral argument, if any, and good cause appearing therefor:

1. The Actions are hereby consolidated;

2. The Kremser Group is hereby appointed Lead Plaintiff for the Class pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), and Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B) as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995; and

3. The law firms of Kahn Gauthier Swick, LLC and Brower Piven, A Professional Corporation, are hereby appointed Co-Lead Counsel for Lead Plaintiffs and the Class.

**IT IS SO ORDERED**

DATED: _____

_____
THE HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE